104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
VALLEY VIEW MANOR NURSING HOME; Lakeshore Nursing Home;
Sylcox Nursing Home and Health Related Facility; Nortonian
Nursing Home; Elcor Nursing Home; Waterview Hills Nursing
Center, Inc.; Walnut Mountain Care center; Ridge View
Manor Nursing Home; Manor Oak Skilled Nursing Facility,
Buffalo; Manor Oak Skilled Nursing Facility, Jamestown;
Manor Oak Skilled Nursing Facility, Warsaw; Crest Manor
Nursing Home; Campbell Hall Health Care Center; Blossom
Health Care Center; Pontiac Nursing Home; Brae Loch Manor
Health Care Facility; Nor Loch Manor Health Care Facility;
Hornell Nursing Home and Health Related Facility; Hurlbut
Nursing Home; Penfield Nursing Home; Conesus Lake Nursing
Home; Elm Manor Nursing Home; Wedgewood Nursing Home;
Westgate Nursing Home; Woodside Nursing Home; Avon Nursing
Home; Auburn Nursing Home; Aurora Park Health Care Center;
Berkshire Nursing Home; Betsy Ross Nursing Home;
Birchwood Health Care Center; Blossom View Nursing Home;
Brookhaven Health Care Facility; Carrilon House Nursing
Facility; Cedar Manor Nursing Home; Cedar Lodge Nursing
Home; Crest Hall Nursing Center; East Neck Nursing Center;
Eden Park Nursing Home (Catskill); Eden Park Nursing Home
(Cobleskill); Eden Park Nursing Home (Hudson); Fiddlers
Green Nursing Home; Fishkill Health Center; Hallmark
Nursing Centre (Glens Falls); Hallmark Nursing Centre
(Minor); Hallmark Nursing Centre (Troy); Hallmark Nursing
Centre (Schenactady); Hallmark Nursing Centre (Carthage);
Hallmark Nursing Centre (Rotterdam); Harding Nursing Home;
Harr-Wood Nursing Home; Highland Nursing Home; Hillcrest
Nursing Home; Houston Nursing Care Center; Howd Nursing
Home; Hudson Valley Nursing Center; Indian River Nursing
Home; Little Flower Nursing Home; Long Beach Grandell Co.;
Long Island Care Center; Maplewood Health Care Center;
Marrs Nursing Home; Mayfair Nursing Home; Montgomery
Nursing Home; New Sans Souci Nursing Home; Nyack Manor
Nursing Home; Oak Hollow Nursing Center; orchard Manor;
Orchard Park Health Care Center; Palatine Nursing Home;
park View Nursing Home; Park Shore Health Care Center;
Patchogue Nursing Center; Rockville Nursing Center;
Rockville Residence Manor; Ross Nursing Home; Salamanca
Nursing Home; Salem Hills Nursing Care Center; Seneca
Nursing Home; Sky View Haven Nursing Home; Somers Manor
Nursing Home; St. Johnland Nursing Center, Inc.; St. James
Nursing Home; St. Regis Nursing Home; Sullivan Park Health
Care Center; Sunharbor Manor; Sunrest Health Facilities;
Sunset Nursing Home; Three Rivers Health Care Center;
United Helper (Canton); University Nursing Home; Van Allen
Nursing Home; Victory Lake Nursing Center; Westfield
Health Care Center; Woodbury Nursing Home; Woodhaven
Nursing Home, Plaintiffs-Appellants, Cross-Appellees,
v.
Barbara A. DeBuono, Commissioner of Health of the State of
New York; Brian Wing, Acting Commissioner of Social
Services of the State of New York; Patricia Woodworth, as
Director of the Budget of the State of New York,
Defendants-Appellees, Cross-Appellants.
 Nos. 96-6154(L), 96-6168(XAP).
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 Appeal from the United States District Court for the Western District of New York (Telesca, Judge ).
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 W.D.N.Y.
 AFFIRMED.
 Appearing for Appellants: Thomas G. Smith, Harter, Secrest & Emery, Rochester, New York.
 Appearing for Appellees: Victor Paladino, Assistant Attorney General, Albany, New York.
 Before MESKILL, WINTER and ALTIMARI, Circuit Judges.
 
 
 1
 A group of nearly one hundred nursing facilities located throughout New York State appeals from Judge Telesca's decision denying their motion for a preliminary injunction and cross-motions for summary judgment. Appellants challenge the rates of reimbursement for health care services rendered to indigent patients. Specifically, they claim that New York's Medicaid rate-setting methodology violates the procedural requirements of the Boren Amendment, a measure enacted by Congress to help control rising nursing home costs by providing incentives for more economically efficient facilities. 42 U.S.C. § 1396a(a)(13)(A).
 
 
 2
 We review the district court's grant or denial of a preliminary injunction for abuse of discretion. See, e.g., Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir.1991). Generally a party seeking preliminary injunctive relief must establish: (a) irreparable harm and (b) either (i) a likelihood of success on the merits of the underlying claim or (ii) sufficiently serious questions going to the merits of the claim as to make it a fair ground for litigation and a balance of the hardships tipping decidedly toward the movant. Sweeney v. Bane, 996 F.2d 1384, 1388 (2d Cir.1993).
 
 
 3
 In the instant case, however, appellants are required to show a likelihood of success because the less rigorous "fair-ground-for-litigation" standard does not apply where the injunction "seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme". Plaza Health Labs., Inc. v. Perales, 878 F.2d 577, 580 (2d Cir.1989). Plaintiffs appear to be able to meet the fair-ground-for-litigation standard, but fail to meet the required likelihood-of-success standard.
 
 
 4
 Plaintiffs and defendants dispute the validity of the methodology used by the state to make findings justifying a change in reimbursement rates, as required under the Boren Amendment. Each side has presented its own expert to analyze the data and point out economic and mathematical flaws in the other party's approach, but, as Judge Telesca emphasized in his opinion, "[q]uestions of fact abound." Valley View Manor Nursing Home v. DeBuono, 89-CV-0706, 89-CV-0744, at 11 (W.D.N.Y. May 1, 1996). We cannot say, therefore, that Judge Telesca abused his discretion in denying preliminary relief.
 
 
 5
 Similarly, both parties' cross-motions were properly denied by the district court because of the existence of genuine issues of material fact. See id., 89-CV-0706, 89-CV-0744, at 11-12.
 
 
 6
 The judgment of the district court is accordingly affirmed.